[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON OBJECTION TO MOTION FOR DEFICIENCY JUDGMENT
This matter arises from a foreclosure action that went to judgment by strict foreclosure resulting in the mortgaged premises vesting in the plaintiff on October 5, 1998. The plaintiff filed a motion for deficiency judgment against defendants, Monroe Markovitz and the Estate of Jessie Weissberg (Guarantors), based on their Guaranty, dated February 18, 1988, for the mortgage loan on said mortgaged premises, and subsequent to the execution on June 30, 1987 of the subject mortgage deed and note. The Guarantors filed an objection to said motion. The Guarantors gave their guaranty to procure a Consent and Assumption Agreement between the lender and Westmark Partners to allow it to assume the obligation for the now foreclosed mortgage and note. Thus, the Guarantors were obligated as partners of Westmark Partners and also obligated as guarantors under the separate guaranty dated February 18, 1988. CT Page 5717
Since the Guarantors were not parties t the original mortgage deed and note and were only parties to the Consent and Assumption Agreement as partners of Westmark Properties, their rights and obligations as Guarantors are only defined by the provisions of their said guaranty.
The Guarantors claim that they are protected from plaintiff's claim for a deficiency judgment by the language contained in the original note that states, "In any action brought by the lender with respect to the loan naming the Borrower or any Parties as a Defendant, the lender shall not, except as specifically provided above, enforce a judgment for money damages against the borroweror any Parties obtained by deficiency judgment or otherwise." (Emphasis added.)
In addition, they cite the language in the mortgage deed that states, "the loan shall not be enforceable against other assets of the Borrower or any guarantor or any other person directly or indirectly responsible for the payment of all or any part of the mortgage debt, and the Lender shall not seek any judgment against the Borrower or any guarantor or any other person directly or indirectly responsible for the payment of all or any part of the Mortgage Debt. . . ."
None of the above quoted language is incorporated in the subject guaranty and in addition the Guarantors were not parties to the mortgage deed or note. Their only relationship to the original mortgage deed and note is defined in the Consent and Assumption Agreement wherein they are identified as "Purchaser." Their rights and obligations as "New Guarantors" are delineated in the subject guaranty.
The basic language of the guaranty states that "each of the undersigned Guarantors . . . unconditionally guarantees by this agreement . . . the payment and performance from or by the Borrower of any and all obligations from the Borrower to the Lender. . . ."
The Guaranty defines obligations in part as "the performance and fulfillment by the Borrower of all of the terms, conditions, promises, covenants, agreements and provisions contained in said Note or in any documents evidencing, relating to or securing the Loan. . . ."
Thus, the plaintiff is seeking, by its motion for a CT Page 5718 deficiency judgment against the Guarantors, the satisfaction of a claimed obligation of the Borrower that does not exist.
The Borrower, by the language of the note and mortgage deed, is not obligated to pay a deficiency judgment since the lender has agreed not to bring such a claim against the borrower and if such a judgment is obtained has agreed not to enforce it. Thus, the borrower is not obligated to the lender.
The Guarantors, being only required to meet the obligations of the Borrower, are not obligated to satisfy a deficiency judgment that is not an obligation of the Borrower.
For the foregoing reasons, the defendants' objection to deficiency judgment is sustained.
Stodolink, J.